**LUBIN & ENOCH, P.C.**
Nicholas J. Enoch, Arizona Bar No. 016473
Corey R. Feltre, Arizona Bar No. 034966
Stanley Lubin, Arizona Bar No. 003076
349 North Fourth Avenue
Phoenix, Arizona 85003-1505
Telephone: (602) 234-0008
Facsimile: (602) 626-3586
Email: nick@lubinandenoch.com

**ANDERSON ALEXANDER, PLLC**
Austin W. Anderson *(Pro Hac Vice forthcoming)*
Texas Bar No. 24045189
Email: austin@a2xlaw.com
Clif Alexander *(Pro Hac Vice forthcoming)*
Texas Bar No. 24064805
Email: clif@a2xlaw.com
819 North Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Fax: (361) 452-1284

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Samantha Charlot, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> Ascenda USA, Inc. d/b/a 24-7 InTouch, An Arizona Corporation, <br><br> Defendant. | No._____ <br><br><br> **COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Charlot brings this action individually and on behalf of all current and former non-exempt call-center employees (hereinafter "Plaintiff and the Putative Class Members") who worked for Ascenda USA, Inc. d/b/a 24-7 InTouch (hereinafter "Defendant" or "24-7 InTouch"), at any time from January 21, 2016 through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.

# I.
# OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Plaintiff and the Putative Class Members are those similarly situated persons who have worked for 24-7 InTouch in its call centers at any time from January 21, 2016 through the final disposition of this matter and have not been paid for all hours worked in violation of federal law.

3. Specifically, 24-7 InTouch has enforced a uniform company-wide policy wherein it improperly required (and continues to require) its non-exempt hourly call-center employees—Plaintiff and the Putative Class Members—to perform work off-the-clock and without pay, and also failed to pay its employees overtime until their hours exceeded fifty (50) per workweek.

4. 24-7 InTouch's illegal company-wide policy has caused Plaintiff and the Putative Class Members to have hours worked that were not compensated and further

created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5.     Although Plaintiff and the Putative Class Members routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6.     24-7 InTouch knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked and the proper amount of overtime each workweek on a routine and regular basis during the relevant time period.

7.     Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

8.     Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

9.     Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

10.    Plaintiff Samantha Charlot ("Charlot") was employed by 24-7 InTouch within the relevant time period. Plaintiff Charlot did not receive compensation for all hours

worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

11. The Putative Class Members are those current and former call-center employees who were employed by 24-7 InTouch at any time from January 21, 2016 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Charlot worked and was paid.

12. Defendant, Ascenda USA, Inc. d/b/a 24-7 InTouch ("24-7 InTouch") is a for-profit corporation whose corporate headquarters are located in Aurora, Colorado. 24-7 InTouch may be served through its registered agent for service of process: CT Corporation System, 3800 N Central Ave Suite 460, Phoenix, Arizona 85012.

### III.
### JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

14. This Court has personal jurisdiction over 24-7 InTouch because the cause of action arose within this District as a result of 24-7 InTouch's conduct within this District.

15. Venue is proper in the District of Arizona because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred. Specifically, 24-7 InTouch has maintained a working presence throughout this District, and Plaintiff Charlot performed work for 24-7 InTouch in this District.

---

[1] The written consent of Samantha Charlot is hereby attached as Exhibit "A."

4

16. Venue is proper in this this District pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

17. 24-7 InTouch operates customer service call centers throughout the United States and claims to be "consistently recognized as an award-winning global outsourcer."[2]

18. Plaintiff and the Putative Class Members' job duties consisted of answering phone calls made by 24-7 InTouch's clients' customers, answering those customers' inquiries, troubleshooting on behalf of those customers, and generally assisting those customers.

19. Plaintiff Charlot was employed by 24-7 InTouch in customer service in Mesa, Arizona from approximately January 2015 until September 2017.

20. Plaintiff and the Putative Class Members are non-exempt employees that were (and continue to be) paid by the hour.

21. Plaintiff and the Putative Class Members typically worked approximately forty (40) "on-the-clock" hours per week.

22. In addition to their forty (40) "on-the-clock" hours, Plaintiff and the Putative Class Members often worked up to three (3) hours "off-the-clock" per week and have not been compensated for that time.

---

[2] https://24-7intouch.com/what-we-do/

5

23. Plaintiff and the Putative Class Members have not been compensated for all the hours they worked for 24-7 InTouch as a result of 24-7 InTouch's corporate policy and practice requiring all of its call-center employees to be ready to take their first phone call the moment their official shift starts.

24. Specifically, Plaintiff and the Putative Class Members were (and are) required to log-in to their computer, open multiple different 24-7 InTouch computer programs, log-in to each 24-7 InTouch program, and ensure that each 24-7 InTouch program is running correctly, all of which can take up to thirty (30) minutes to have ready before they were (and are) able to take their first phone call, which comes in as soon as their official shift starts.

25. During this start-up time, Plaintiff and the Putative Class Members were not compensated although they were (and are) expected to have completed this process in advance of their official start time(s).

26. In addition, 24-7 InTouch failed to pay Plaintiff and the Putative Class Members any overtime compensation unless and until their weekly hours exceeded fifty (50).

27. Further, when calculating Plaintiff and the Putative Class Members' hours worked each pay period, 24-7 InTouch deducted (and continue to deduct) time from Plaintiff and the Putative Class Members' daily on-the-clock hours in violation of the FLSA.

28. In other words, each time Plaintiff and the Putative Class Members' hours worked exceeded their scheduled hours, such as when Plaintiff and the Putative Class

6

Members clocked in before the beginning of their scheduled shift or clocked out after the end of their scheduled shift, Defendant deducted (and continue to deduct) hours from Plaintiff and Putative Class Members' total hours worked.

29. 24-7 InTouch intentionally deducted hours worked from Plaintiff and the Putative Class Members in order to not pay the full and correct amount of overtime.

30. Defendant's systematic deduction of any pre-shift or post-shift time from Plaintiff and the Putative Class Members' hours worked, which is commonly referred to as "time-shaving," resulted (and continues to result) in Plaintiff and the Putative Class Members' working hours for which they were (and are) not compensated in violation of the FLSA.

31. As a result of 24-7 InTouch's company-wide policy and practice of requiring Plaintiff and the Putative Class Members to perform their computer start-up tasks ***before*** their shifts begin, not paying them overtime unless and until their weekly hours exceeded fifty (50), and intentionally deducting their hours—Plaintiff and the Putative Class Members have not been compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

32. 24-7 InTouch has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

33. 24-7 InTouch is aware of its obligation to pay for all hours worked and to pay the proper amount of overtime for all hours worked over forty (40) each week, but has failed to do so.

34. Because 24-7 InTouch did not pay Plaintiff and the Putative Class Members for all hours worked and time and a half for all hours worked in excess of forty (40) in a workweek, 24-7 InTouch's pay policies and practices violate the FLSA.

## V.
## CAUSE OF ACTION

**(Collective Action Alleging FLSA Violations)**

**A.    FLSA COVERAGE**

35. Plaintiff and the Putative Class Members incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

36. The FLSA Collective is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY ASCENDA USA, INC. D/B/A 24-7 INTOUCH, AT ANY TIME FROM JANUARY 21, 2016 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members")**

37. At all times hereinafter mentioned, 24-7 InTouch has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

38. At all times hereinafter mentioned, 24-7 InTouch has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

39. At all times hereinafter mentioned, 24-7 InTouch has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or

employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

40. During the respective periods of Plaintiff and the FLSA Collective Members' employment by 24-7 InTouch, these individuals provided services for 24-7 InTouch that involved interstate commerce for purposes of the FLSA.

41. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

42. Specifically, Plaintiff and the FLSA Collective Members have been non-exempt employees of 24-7 InTouch who assisted customers who live throughout the United States. 29 U.S.C. § 203(j).

43. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

44. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 36.

45. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of 24-7 InTouch.

**B.     FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

46. 24-7 InTouch violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

47. Moreover, 24-7 InTouch knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

48. 24-7 InTouch knew or should have known its pay practices were in violation of the FLSA.

49. 24-7 InTouch is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

50. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted 24-7 InTouch to pay overtime in accordance with the law.

51. The decision and practice by 24-7 InTouch to not pay overtime was neither reasonable nor in good faith.

52. Accordingly, Plaintiff and the FLSA Collective Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.   COLLECTIVE ACTION ALLEGATIONS**

53. All previous paragraphs are incorporated as though fully set forth herein.

54. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all of 24-7 InTouch's employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been paid.

55. Other similarly situated employees have been victimized by 24-7 InTouch's patterns, practices, and policies, which are in willful violation of the FLSA.

56. The FLSA Collective Members are defined in Paragraph 36.

57. 24-7 InTouch's failure to pay Plaintiff and the FLSA Collective Members for all hours worked and overtime compensation at the rates required from the FLSA, results from generally applicable policies and practices of 24-7 InTouch and does not depend on the personal circumstances of Plaintiff or the individual FLSA Collective Members.

58. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

59. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

11

60. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

61. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

62. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and 24-7 InTouch will retain the proceeds of its rampant violations.

63. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

64. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 36 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

Plaintiff respectfully prays for judgment against 24-7 InTouch as follows:

a. For an Order certifying the FLSA Collective as defined in Paragraph 36 and requiring 24-7 InTouch to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

  b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

  c. For an Order awarding Plaintiff (and those FLSA Collective Members who have joined in the suit) back wages that have been improperly withheld;

  d. For an Order pursuant to Section 16(b) of the FLSA finding 24-7 InTouch liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

  e. For an Order awarding the costs and expenses of this action;

  f. For an Order awarding attorneys' fees;

  g. For an Order awarding pre-judgment, post-judgment and moratory interest at the highest rates allowed by law;

  h. For an Order awarding Plaintiff Charlot a service award as permitted by law;

  i. For an Order compelling the accounting of the books and records of 24-7 InTouch, at 24-7 InTouch's own expense;

  j. For an Order granting such other and further relief as may be necessary and appropriate.

DATED this 21st day of January, 2019.

. . . .

. . . .

LUBIN & ENOCH, P.C.
ANDERSON ALEXANDER, PLLC

By: /s/ Nicholas J. Enoch
Nicholas J. Enoch

Attorney for Plaintiff and the Putative Class Members

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all questions raised by the foregoing complaint.

DATED this 21st day of January, 2019.

LUBIN & ENOCH, P.C.
ANDERSON ALEXANDER, PLLC

By: /s/ *Nicholas J. Enoch*
Nicholas J. Enoch

Attorney for Plaintiff and the Putative Class Members

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of January 2019, I electronically transmitted the attached Complaint and Jury Demand to the Clerk's Office using the ECF System for filing.

/s/ Stacey L. Lucas