IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-01112-JLK

**SAMANTHA CHARLOT, on behalf of herself and all similarly situated persons,**

    **Plaintiff,**

v.

**ASCENDA USA INC. d/b/a 24-7 INTOUCH,**

    **Defendant.**

---

**JOINT MOTION FOR LEVEL 1 RESTRICTION
TO ACCESS THE PARTIES' CONFIDENTIAL SETTLEMENT AGREEMENT**

---

Plaintiff, Samantha Charlot, individually and on behalf of all Opt-In Plaintiffs and others similarly situated ("Plaintiff" or "Charlot" or "Plaintiffs" or "Plaintiffs and the Potential Plaintiffs"), and Defendant Ascenda USA Inc., d/b/a 24-7 InTouch ("Defendant" or "24-7 InTouch") (collectively, the "Parties") hereby submits this Joint Motion for Level 1 Restriction to Access the Parties' Confidential Settlement Agreement. Under D.C.COLO.LCivR 7.2(c), the Parties respectfully show as follows:

**ARGUMENT**

1. The Plaintiff's Unopposed Motion for Approval of FLSA Collective Action Settlement Agreement (the "Approval Motion") was filed on March 5, 2020 at ECF No. 55. The Approval Motion seeks approval of the Parties' executed, confidential Settlement Agreement. The Parties negotiated, and agree to, confidentiality as a material term of the Settlement Agreement. (*See* Ex. 1 at Pages 10–11). Given the Parties' agreement on confidentiality, the Approval Motion was filed without identifying the confidential settlement amounts (ECF No. 55).

2. Pursuant to D.C.COLO.LCivR 7.2(c), and the terms of Parties' Confidential Settlement Agreement, the Parties moves for Level 1 Restriction for the Confidential Settlement Agreement (hereinafter, the "Confidential Agreement"). (Ex. 1).

On January 21, 2019, Plaintiff filed this lawsuit on behalf of herself and other Call-Center Employees alleging violations of the Fair Labor Standards Act ("FLSA"). Defendant denied any liability to Plaintiff Charlot, the Opt-In Plaintiffs that had joined the litigation, and the Potential Plaintiffs for any unpaid back wages or overtime, and asserted that its hourly, non-exempt CSRs were fully and properly compensated under federal and state law. *See* ECF No. 41.

3. The Parties entered into a settlement of all claims and disputes between them. As part of their settlement, the Parties agreed that the terms of the Settlement Agreement are and should remain strictly confidential. (*See* Ex. 1). Therefore, the Confidential Document should be filed under Level 1 Restricted Access to protect its confidentiality.

4. Courts frequently grant leave for parties to file a settlement agreement under seal in connection with the resolution of FLSA claims. Colorado federal courts, as well as courts in other jurisdictions, have permitted the filing of settlement documentation in FLSA settlements under seal upon a joint or unopposed motion of the parties. *See, e.g., Stewart Swanson, et al. v. Cathedral Energy Services, Inc.*, Case No. 17-cv-01578-DDD-NRN, Order, Dkt. No. 52 (D. Colo. Oct. 2, 2019) (Judge D. Domenico *presiding*); *Stransky, et al. v. HealthONE of Denver, Inc.*, Case No. 11-cv-02888-WJM-MJM, Order (D. Colo. Nov. 24, 2015); *Green, et al. v. Drake Beam Morin, Inc.*, Case No. 11-cv-01063-REB-CBS, Order (D. Colo. Oct. 10, 2012); *Curiel v. The Garlic Knot Express*, LLC, Case No. 11-cv-00205-CMA-KLM, Order (D. Colo. Jul. 27, 2011); *Briones v. JNS Const. Serv., LLC*, 2009 U.S. Dist. LEXIS 28384 (D. Colo. April 6, 2009); *see also, e.g., Tharp v. Energes LLC*, No. 5:15-CV-983-DAE, 2018 WL 7286479, at *1 (W.D. Tex. July 16, 2018); *Medley v. Am. Cancer Soc'y*, 2010 U.S. Dist. LEXIS 75098, at *1-2 n.1 (S.D.N.Y. July 23, 2010); King v. Wells Fargo Home Mortg., No. 2:08-CV-307-FTM29SPC,

2009 WL 2370640, at *1 (M.D. Fla. July 30, 2009); *Trinh v. JPMorgan Chase & Co.*, 2009 U.S. Dist. LEXIS 16477 (S.D. Cal. Mar. 3, 2009); *Goudie v. Cable Commc'ns*, Inc., 2009 U.S. Dist. LEXIS 1907 (D. Or. Jan. 12, 2009).

5. In this case, filing the Confidential Document under seal will avoid prejudice resulting from failure to conform to a material term of the Settlement Agreement, and the disclosure of information intended to be kept confidential. The Parties reached a settlement on terms that were derived from confidential facts concerning Defendant's business and employee wages. Pursuant to the presumption of public access, the allegations and evidence of record supporting the claims and defenses in this case, as well as the fact that the Parties reached a mutually-beneficial settlement, will remain accessible to the public. However, the Confidential Document itself should remain confidential as the Parties intended.

6. "As a matter of public policy, the law favors and encourages settlements." *Big O Tires, Inc. v. Bigfoot 4x4, Inc.*, 167 F. Supp. 2d 1216, 1229 (D. Colo. 2001). Disclosure of settlement terms which the Parties mutually desire to be confidential would deter resolution of wage and hour cases, such as this one. This result is contrary to the well-established public policy encouraging settlement.

7. Given that the contents and terms of the Confidential Document are intended to be kept confidential, a less restrictive alternative other than sealing is not practicable.

8. The Parties contend, that the terms of this settlement should remain confidential. Accordingly, the interests in effectuating the mutually-beneficial, private resolution of this matter outweighs the public's interest in the Confidential Document.

9. The instant Motion seeks a narrowly tailored restriction that would only restrict access to the Settlement Agreement, Notice, and Release Forms.

10. WHEREFORE, for the good cause shown, and pursuant to D.C.COLO.LCivR 7.2(c), The Parties respectfully requests that the Court restrict access to the Confidential Document, to Level 1 access.

Respectfully submitted this 5th day of March, 2020.

Date: March 11, 2020 Respectfully Submitted,

**ANDERSON ALEXANDER, PLLC**

By: /s/ *Clif Alexander*
**Clif Alexander**
clif@a2xlaw.com
**Lauren E. Braddy**
lauren@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**THE LAW OFFICES OF BRIAN D. GONZALES**

By: /s/ *Brian D. Gonzalez*
**Brian D. Gonzalez**
BGonzales@ColoradoWageLaw.com
2580 East Harmony Road, Suite 201
Fort Collins, Colorado 80528
Telephone: (970) 214-0562

**Attorneys for Plaintiffs and the Putative Collective Members**

/s/ *T. Cullen Wallace*
T. Cullen Wallace
TX Bar No. 24072412
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002
T: 713.890.5000
F: 713.890.5001

Mark E. Zelek
FL Bar No. 667773
MORGAN, LEWIS & BOCKIUS LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL 33131
T: 305.415.3000
F: 305.415.3001

***Attorneys for Defendant Ascenda USA, Inc.*** 

# CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2020, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of Colorado, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Clif Alexander*
Clif Alexander